IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY COLEMAN, No. 13853-028, ) | |
| RANDALL A. MILLER, ) | |
| QUINCY O. EDWARDS, ) | |
| JOSEPH K. RANDER, ) | |
| JAMAR JONES, and ) | |
| ANDREW DUNK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1282-JPG |
| ) | |
| U.S. MARSHAL SERVICE, and ) | |
| RANDY COBB ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff Coleman filed the instant action naming himself and five other individuals as Plaintiffs, all of whom are incarcerated at White County Jail ("Jail"). However, only Coleman signed the Complaint. Additionally, Coleman is the only Plaintiff to file an IFP Motion. (Doc. 3). The Complaint alleges Defendants have violated Plaintiffs' rights by subjecting them to unconstitutional conditions of confinement and by providing an unhealthy diet. Before the Court addresses the need for additional signatures on the Complaint, it is necessary to deal with some preliminary matters related to the attempt to jointly file this case as a group action including multiple plaintiffs.

### Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must caution them regarding the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to withdraw from the case or

1

sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21 and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Court noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be double what it would be if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. A prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take this ruling into account in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Here, it appears that Coleman drafted the Complaint, as he is the only individual to have signed the pleading and to have submitted an IFP Motion. Therefore, the Court will designate him as the "lead" Plaintiff in this case. The non-lead Plaintiffs (Miller, Edwards, Rander, Jones, and Dunk) will be given an opportunity to withdraw from this litigation before the case progresses further. Each non-lead Plaintiff may wish to take the following into consideration in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[1]

In addition, if the plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign all documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[2] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

## Disposition

**IT IS HEREBY ORDERED** that each non-lead Plaintiff (Miller, Edwards, Rander, Jones, and Dunk) shall advise the Court in writing on or before **January 15, 2018**, whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, any non-lead Plaintiff advises the Court that he does not wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action.

**IT IS FURTHER ORDERED** that each non-lead Plaintiff who chooses to continue as a Plaintiff in this group action must submit a copy of the Complaint (Doc. 1) bearing his signature, on or before the **January 15, 2018**, deadline. To enable the Plaintiffs to comply with this Order,

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

the **CLERK** is **DIRECTED** to return a copy of the Complaint to each non-lead Plaintiff.

**IT IS FURTHER ORDERED** that if any non-lead Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing and he must submit a signed Complaint by the **January 15, 2018**, deadline. His claims shall then be severed into a new action where a filing fee will be assessed and his motion to proceed IFP (if one has been filed) shall be considered.

**IT IS FURTHER ORDERED** that each non-lead Plaintiff who chooses to continue as a Plaintiff either in this action or in a severed individual case, is hereby ORDERED to pay his filing fee of $400.00 or file a properly completed motion for leave to proceed IFP if he has not already done so, on or before **January 15, 2018**. When a plaintiff files an IFP Motion, the Court must review that plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, each Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 5/27/2017 to 11/27/2017. This information should be mailed to the Clerk of Court at the following address: United States District Court—Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

**Any Plaintiff who simply does not respond to this Order on or before January 15, 2018, will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).** The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs, and to enclose a blank form IFP motion and trust fund account certification form for each non-lead Plaintiff.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by

the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by the non-lead Plaintiffs is required before the Court can complete its preliminary review of this matter under § 1915A. As soon as this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 18, 2017**

*s/J. Phil Gilbert*
United States District Judge