IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JEFFREY COLEMAN, No. 13853-028, | ) | |
|---|---|---|
| RANDALL A. MILLER, | ) | |
| QUINCY O. EDWARDS, | ) | |
| JOSEPH K. RANDER, | ) | |
| JAMAR JONES, and | ) | |
| ANDREW DUNK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1282-JPG |
| | ) | |
| U.S. MARSHAL SERVICE, and | ) | |
| RANDY COBB | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff Coleman filed the instant action naming himself and five other individuals as Plaintiffs, all of whom are incarcerated at White County Jail ("Jail"). However, only Coleman signed the Complaint. Additionally, at the time of filing, Coleman was the only Plaintiff with an IFP Motion on file. (Doc. 3). The Complaint alleges Defendants have violated Plaintiffs' rights by subjecting them to unconstitutional conditions of confinement and by providing an unhealthy diet.

On December 18, 2017, the Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 5). In the *Boriboune* Order, the Court designated Plaintiff Coleman as the "lead plaintiff" in this action. (Doc. 5, p. 3). The Court warned all of the remaining plaintiffs about the risks, obligations, and costs associated with group litigation. (Doc. 5, pp. 3-4). With the exception of Lead Plaintiff Coleman, each plaintiff was then given an opportunity to withdraw from the case or sever his claims into individual actions. (Doc. 5, pp. 4-

1

5). The non-lead Plaintiffs were directed to advise the Court in writing on or before January 15, 2018 whether they wished to continue as a Plaintiff in this group action. (Doc. 1, p. 4). The Court also ordered each non-lead Plaintiff who wanted to continue in this group action to submit a signed copy of the Complaint on or before the January 15, 2018 deadline. *Id.*

Any plaintiff who opted to proceed in a separate action was advised that his claims would be severed into a new case and subject to a filing fee in the new action, instead of the instant case. Plaintiffs were informed that the *only* way to avoid the obligation to pay a filing fee for this action was to request dismissal from this action in writing by the January 15, 2018 deadline. Plaintiffs were explicitly warned that "**[a]ny Plaintiff who simply does not respond to this Order on or before January 15, 2018, *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**" (Doc. 5, p. 5) (emphasis in original).

The January 15, 2018 deadline has passed with varying responses from the non-lead Plaintiffs. The Court addresses the subject responses (or lack thereof) below.

**Plaintiff's Edwards and Rander**

Plaintiffs Edwards and Rander did not respond to the Court's *Boriboune* Order, did not submit a signed copy of the Complaint, and did not file IFP Motions or pay the requisite filing fee. Additionally, documents that were mailed to both of these individuals were returned to the Court as undeliverable (Docs. 10 and 13). Accordingly, Plaintiffs Edwards and Rander shall be dismissed from this action based on their failure to timely respond to the *Boriboune* Order and for failure to prosecute their claims. The obligation to pay the full filing fee survives their dismissal from this action.

**Plaintiff Jones**

Plaintiff Jones filed a timely response to the *Boriboune* Order indicating that he does not want to proceed with this action. (Doc. 12). Accordingly, Jones shall be dismissed from this action and shall not be required to remit a filing fee.

**Plaintiffs Miller and Dunk**

The *Boriboune* Order specifically required each plaintiff to file a document affirmatively stating that he wished to proceed in this case no later than January 15, 2018. That is, the Court needs a written statement from each Plaintiff stating that he wishes to pursue this case jointly with the other named Plaintiffs. To date, Plaintiffs Miller and Dunk have not made any such statement. Further, Plaintiffs Miller and Dunk have not submitted a signed copy of the Complaint as required by the *Boriboune* Order. However, Miller has filed an IFP motion and a trust fund account statement and Dunk has filed two trust fund account statements. (Docs. 11 and 15). Plaintiffs' filings indicate some willingness to prosecute this case. Accordingly, as to these two Plaintiffs, the Court will extend the deadline for complying with the *Boriboune* Order as set forth in the Disposition below.

## Disposition

**IT IS HEREBY ORDERED** that **EDWARDS** and **RANDER** are **DISMISSED** as plaintiffs in this action based on their failure to timely respond to the *Boriboune* Order and for failure to prosecute their claims. The Clerk of the Court is **DIRECTED** to terminate them as parties in CM/ECF. **EDWARDS** and **RANDER** became obligated to pay the filing fee for this action at the time they filed it, and the obligation survives their dismissal from this action.

**IT IS FURTHER ORDERED** that **JONES** is dismissed as a Plaintiff in this action pursuant to his *Boriboune* Response. (Doc. 12). The Clerk of the Court is **DIRECTED** to

terminate him as a party in CM/ECF. Because **JONES** filed a timely response indicating that he does not wish to participate in this action, he will not be charged a filing fee for this action.

**IT IS FURTHER ORDERED** that **MILLER** has until **February 15, 2018** to submit: (1) an affirmative statement indicating that he wishes to proceed with this group action and (2) a signed copy of the Complaint. If **MILLER** fails to respond to this Order, he will be dismissed for want of prosecution and/or failure to comply with a Court Order. To enable the **MILLER** to comply with this Order, the Clerk of the Court is **DIRECTED** to re-send a copy of the Complaint to him.

**IT IS FURTHER ORDERED** that **DUNK** has until **February 15, 2018** to submit: (1) an affirmative statement indicating that he wishes to proceed with this group action; (2) an IFP Motion; and (3) a signed copy of the Complaint. If **DUNK** fails to respond to this Order, he will be dismissed for want of prosecution and/or failure to comply with a Court Order. To enable the **DUNK** to comply with this Order, the Clerk of the Court is **DIRECTED** to re-send a copy of the Complaint to him.

**IT IS SO ORDERED.**

**DATED: February 1, 2018**

*s/J. Phil Gilbert*
United States District Judge