# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL A. MILLER, #124455, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 18-cv-624-JPG<br>) |
| RANDY COBB, U.S. MARSHALS SERVICE, and DOUG MAIER, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Randall A. Miller is currently incarcerated at the White County Jail ("Jail"), waiting to be resentenced on a federal conviction. (Doc. 1, p. 5). The original civil rights Complaint (Doc. 2) was brought by Miller and several co-plaintiffs, when it was filed as *Coleman, et al. v. Cobb, et al.*, Case No. 17-cv-1282-JPG. The original Complaint did not survive preliminary review pursuant to 28 U.S.C. § 1915A. (Doc. 1). Additionally, after screening the original Complaint, the Court severed Miller's claims into a new action and directed Miller to file a First Amended Complaint on or before April 23, 2018. *Id.* Miller timely filed a First Amended Complaint on April 6, 2018. (Doc. 9).

The First Amended Complaint is now before the Court for preliminary review pursuant to § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28

1

U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The First Amended Complaint

Like the original Complaint, the First Amended Complaint includes three sets of claims: (1) claims pertaining to recreational/exercise opportunities and cell conditions; (2) claims pertaining to food served at the Jail; and (3) claims pertaining to law library access. Plaintiff's

allegations pertaining to these alleged constitutional violations are summarized below.

*Cell Conditions*

Miller has been incarcerated at the Jail for nine months. (Doc. 9, p. 7). Miller claims that, even though he has not been placed on administrative segregation, he is being punished as if he were. (Doc. 9, p. 7). According to the First Amended Complaint, Miller is confined to his cell 24 hours a day, seven days a week. *Id.* The cell, which measures 20 by 10 feet, is shared by eight other inmates. *Id.* Miller is not allowed to participate in recreational activities. *Id.* Miller claims that he must breathe "recycled air," and as a result, he often has nose bleeds and allergy flare ups. *Id.* The Complaint suggests that Miller is unable to exercise in his cell, and that Miller has been denied all opportunities to exercise outside of his cell. *Id.* Miller claims the lack of exercise has resulted in weight gain and is causing his joints to "lock up." Miller also claims that the described conditions are having a negative psychological impact. *Id.*

Miller generally alleges that the Supervisor of the U.S. Marshals Service, Cobb (Jail Administrator), and Maier (the White County Sheriff) are responsible for these conditions. *Id.* Miller also claims he complained to Cobb about not being allowed outside of his cell to participate in "recreational" activities. *Id.* Cobb told Miller the Supervisor of the U.S. Marshals Service prohibits federal inmates from participating in recreation. *Id.* He also indicated that he provides board games for inmates and that should be sufficient. *Id.*

*Diet at the Jail*

Miller complains that the Jail diet consists of overly processed foods and is nutritionally inadequate because it is devoid of healthy alternatives, such as fruit. (Doc. 9, p. 5). For breakfast, inmates are served a single bowl of cereal with milk; lunch consists of a microwaveable sandwich and a small bag of chips; and dinner is generally a Hungry Man frozen

meal. *Id.* Miller claims the Jail diet and lack of exercise opportunities at the Jail caused him to gain thirty pounds in one month. *Id.* According to the First Amended Complaint, because of his weight gain, Miller is suffering from back pain, high blood pressure, loss of breath, and poor blood circulation. *Id.* Plaintiff generally alleges that the U.S. Marshals Service, Cobb, and Maier are violating his rights in connection with the subject diet. *Id.* He specifically claims that he complained to Cobb "about the diet." *Id.* Cobb allegedly told Miller he would change his diet, but never took any action. *Id.* Miller also claims that the U.S. Marshals have inspected and approved of the Jail's menu on "numerous occasions." *Id.* Finally, Plaintiff claims that he complained to "the Dr. about being taken off the processed food diet because he gained weight excessively." *Id.*

*Law Library Access*

Miller claims his rights are being violated because the Jail does not provide a law library for pre-trial and convicted prisoners to "meaningfully research their cases." According to the Second Amended Complaint, Miller is currently waiting to be resentenced. *Id.* Miller hopes to receive a reduced sentence and believes the only way he can achieve this goal is by conducting legal research that will assist his criminal defense attorney. *Id.*

**Dismissal of Improper Defendant**

Miller has, once again, named the United States Marshals Service a defendant. As the Court previously explained, the United States Marshals Service is an agency of the United States. *Gary v. Gardner*, 445 F.App'x. 465, 466 (3d Cir. 2011). Because the United States Marshal Service is a federal agency, it is not amenable to suit under 42 U.S.C. § 1983, which provides a remedy for violations of federal rights only when the violation is committed by a person operating under color of state law. *See* 42 U.S.C. § 1983. Although an individual federal agent

may be held liable for damages for his unconstitutional conduct, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), federal agencies are not liable for damages for unconstitutional conduct. *See FDIC v. Meyer*, 510 U.S. 471, 483–486 (1994). Accordingly, Plaintiff's claims against the United States Marshals Service shall be dismissed with prejudice.

### **Dismissal of Maier**

Liability under § 1983 hinges on personal involvement in a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. at 676 (2009). Government officials may not be held liable for the unconstitutional conduct of their subordinates under § 1983 because the doctrine of respondeat superior is inapplicable in both contexts. *Id*. (citing *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under § 1983) ). As the United States Supreme Court explained in *Iqbal*, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

Plaintiff has not alleged that Maier was personally involved in any of the alleged constitutional violations. Instead, he generally alleges, in a conclusory fashion and without any factual support, that Maier is subject to liability for violating his rights (e.g., "White County Sheriff [is] violating [Miller's] Eighth Amendment rights."). This is insufficient. Accordingly, Maier shall be dismissed from the action without prejudice.

### **Division of Counts**

To reflect the allegations in the First Amended Complaint, the Court will modify Counts 1-3. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

5

**Count 1 –** Eighth Amendment claim against Cobb for failing to provide Plaintiff with adequate opportunities to exercise and denying Plaintiff outdoor recreational opportunities.

**Count 2 –** Eighth Amendment claim against Cobb for providing a nutritionally inadequate prison diet, devoid of fresh food, including fruit.

**Count 3 –** Access to the courts claim for failing to provide Cobb with access to a law library.

## Discussion

*Count 1*

In Count 1, Plaintiff challenges the following conditions of confinement at the Jail: (1) inability to exercise in a small and crowded cell; (2) denial of access to out-of-cell recreational activities, including opportunities to exercise; (3) remaining in a cell 24 hours a day, seven days a week; and (4) lack of fresh air, which is causing Miller to suffer from nose bleeds and rhinitis. Miller claims that he complained to Cobb, but Cobb took no action. These allegations are sufficient, at this early stage, to allow Count 1 to proceed as to Cobb. *See* e.g, *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013); *Winger v. Pierce,* 325 Fed.Appx. 435 (7th Cir. 2009); *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988).

*Count 2*

Miller claims that Cobb authorized a steady diet of unhealthy food, despite health consequences associated with the diet. He also claims that, because of the diet, he has gained an excessive amount of weight and is suffering from high blood pressure. The First Amended Complaint suggests that Miller complained to Cobb about the diet and the negative health consequences, but Cobb failed to take any action. This is sufficient to allow the nutrition claim to proceed at this time. *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985).

*Count 3*

The First Amended Complaint states no claim for denial of access to the courts. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id*. Miller does not identify a potentially meritorious claim that was lost or impeded because he lacked sufficient legal resources. Instead, he suggests that, even though he is represented by counsel, he needs access to an adequate law library in order to assist his counsel with legal research. But, access to legal materials is required only for unrepresented litigants. *See Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir.2007) (citing *Bounds v. Smith*, 430 U.S. 817, 830–32 (1977)).

Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Disposition**

**IT IS HEREBY ORDERED** that **US MARSHALS SERVICE** is **DISMISSED** from this action with prejudice. The Clerk of the Court is **DIRECTED** to terminate this defendant as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **MAIER** is **DISMISSED** from this action without prejudice. The Clerk of the Court is **DIRECTED** to terminate this defendant as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNTS 1** and **2** shall receive further review as to **COBB.**

**IT IS FURTHER ORDERED** that, as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **COBB**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be

**REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 2, 2018**

<u>s/J. Phil Gilbert</u>
**United States District Judge**
